UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yekusiel Stesel;<br><br>                                        Plaintiff,<br><br><br><br><br>                    -v.-<br>Fein, Such & Crane, LLP<br><br>                              Defendant. | Civil Action No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yekusiel Stesel (hereinafter, "Plaintiff"), a New York resident, brings this Complaint by and through his attorneys, against Defendants Fein, Such & Crane, LLP (hereinafter "FSC"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resided as well as where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Rockland, residing at 70 Twin Avenue 301, Spring Valley, NY 10977.

8.      Defendant FCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1400 Old Country Road, Suite C103, Westbury, NY 11590.

9.      Upon information and belief, Defendant FCS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.


## FACTUAL ALLEGATIONS

10.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11.     At a date better known to the Defendant, the Plaintiff incurred a consumer debt to MB Financial Bank, N. A.

12.     The MB Financial Bank, N.A. obligation arose out a transaction in which money, property, insurance or services were the subject of the transactions. Specifically, Plaintiff used the funds to purchase a personal residence.

13.     MB Financial Bank, N. A, contracted with Defendant FCS to collect the alleged debt.

14.     Defendant's collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.


### *Collection Lawsuit*

15.     On March 16, 2019, the Plaintiff was personally served a Summons and Complaint in a lawsuit to collect the MB Financial debt as well as foreclose on the residence securing the debt.

16.     March 16, 2019 was a Saturday, a holy day as observed by Orthodox Jews.

17.     Plaintiff is an Orthodox Jew who observes Saturdays as a holy day.

18.     Plaintiff resides in area that is primarily filled with Orthodox Jews who keep Saturday as a holy day.

19.     Defendant was aware that Plaintiff observes the Saturday as a holy day and nevertheless instructed and allowed service to be effected on a Saturday.

20.     Defendant knew or should have known upon reviewing the affidavit of service, that this was no proper service, yet filed the affidavit anyway, and did not instruct the process server to try service again, on a proper day.

21.     N.Y. General Business Law § 13 provides: "Whoever maliciously procures any process in a civil action to be served on Saturday, upon any person who keeps Saturday as holy time, and does not labor on that day, or serves upon him any process returnable on that day, or maliciously procures any civil action to which such person is a party to be adjourned to that day for trial, is guilty of a misdemeanor."

22.     Knowing that service will be effectuated upon an observant Jew on either the Sabbath or a holiday, during which labor is prohibited, is in and of itself malicious and designed to harass. This maliciousness and harassment are further evidenced by the fact that the legislature made such service a misdemeanor through N.Y. Gen. Bus. Law § 13.

23.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

44.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

46.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

47.     Defendant violated this section by using improper service, by serving the Plaintiff on a holy day of observance in which service is not allowed.

48.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d *et seq.*

49.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

51.     Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person with the collection of the debt.

52.     Defendant violated said section by harassing and oppressing Plaintiff by serving them on their holy day of observance.

53.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

54.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yekusiel Stesel, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.

Dated: March 16, 2020                              Respectfully Submitted,

                                                  Stein Saks, PLLC

                                                  /s/ Raphael Deutsch
                                                  Raphael Deutsch, Esq.
                                                  285 Passaic Street
                                                  Hackensack, NJ 07601
                                                  Ph: (201) 282-6500
                                                  Fax: (201) 282-6501
                                                  rdeutsch@steinsakslegal.com
                                                  *Attorneys for Plaintiff*

1